

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

GWEN M. ROWLING,                          §                    No. 08-16-00297-CV

　　　　　　Appellant,                      §                    Appeal from the

v.                                          §                    41st District Court

HARRY H. ROWLING,                          §                    of El Paso County, Texas

　　　　　　Appellee.                       §                    (TC# 2015DCV-0770)

§

**O R D E R**

Appellant filed in the trial court, and contemporaneous with her *pro se* notice of appeal, an affidavit of indigence. Appellant asserts that she is unable to pay for the clerk's record and reporter's record on appeal. Appellee filed a contest as permitted under the former rules, rather than a motion filed pursuant to the current version of TEX.R.CIV.P. 145(f)(1). *See* TEX.R.CIV.P. 145(f)(1)(permitting a party to challenge Statement of Inability by filing a motion and setting forth requirements of the motion). The District Clerk filed the Clerk's Record containing the affidavit of indigence and the contest.

With the recent amendments of TEX.R.CIV.P. 145 and TEX.R.APP.P. 20.1, the Texas Supreme Court made significant changes to the procedures for determining whether a party can be required to pay costs in the trial court and on appeal. Rule 145 governs a party's claim that the party is unable to afford costs for preparation of the appellate record. TEX.R.CIV.P. 145;

1

TEX.R.APP.P. 20.1, cmt. We conclude that it is necessary for the trial court to conduct a hearing as contemplated by Rule 145.

It is therefore ordered that the trial court conduct a hearing to determine whether Appellant is able to afford to pay for the appellate record. The hearing should be conducted as soon as practicable, but Appellant must be given ten days' notice of the hearing. *See* TEX.R.CIV.P. 145. The trial court should address whether Appellee's contest meets the requirements of Rule 145(f)(1). *See In the Interest of A.M.*, --- S.W.3d ---. 2016 WL 6835727 (Tex.App.--El Paso November 21, 2016).

The trial court must issue an order which complies with TEX.R.CIV.P. 145(f)(6). In the event that the trial court finds that Appellant can afford to pay costs, Appellant can challenge that ruling by motion filed in this Court pursuant to TEX.R.APP.P. 145(g) no later than ten days after the order is signed. The trial court shall forward its order to the District Clerk of El Paso County, Texas as soon as practicable after the hearing, but no later than three days after the order is signed. The District Clerk shall prepare and forward a supplemental clerk's record containing the order to this Court as soon as possible, but no later than five days after the trial court files the order. It will not be necessary for the court reporter to file a record of the hearing unless the trial court rules that Appellant is able to afford to pay for the appellate record. All appellate deadlines shall be suspended pending resolution of these issues. The Court will issue an order reestablishing the appellate deadlines.

IT IS SO ORDERED this 2nd day of December, 2016.

PER CURIAM

Before McClure, C.J., Rodriguez and Hughes, JJ.